UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL MOORE,

                Petitioner,

                - against -

KATHERINE COOK, Superintendent,
Otisville Correctional Facility,

                Respondent.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2010 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

09-CV-2381-ENV

**VITALIANO, D.J.**

Pro se petitioner Michael Moore is before the Court on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the writ is denied and Moore's petition for habeas corpus is dismissed.

## BACKGROUND

On February 20, 1984, Chris Boyd was killed at a luncheonette in Brooklyn in an apparent dispute about money. Moore was charged, under Kings County Indictment No. 1186/84, with murder in the second degree (N.Y. PENAL LAW § 125.25[1]) and criminal possession of a weapon in the second degree (N.Y. PENAL LAW § 265.03). Following a jury trial, Moore was convicted of second degree murder. Moore was sentenced to serve a term of 20 years to life in prison.

Petitioner filed a notice of appeal on December 14, 1984. Before perfecting his appeal, on March 10, 1992, Moore moved to vacate his judgment of conviction pursuant to C.P.L. § 440.10, arguing that he was denied his right to a fair trial when the trial court, inter alia, (1) failed to read back witness testimony at the jury's request, and (2) allowed a "read back" of

testimony, as well as jury instructions, to be given in his absence. On March 24, 1993, Supreme Court denied his motion, holding that some of the trial errors alleged were not suitable for § 440 review and that the rest were without merit. Leave to appeal to the Appellate Division, Second Department, was denied on June 1, 1993.

Petitioner then returned to the pursuit of his direct appeal to the Second Department, arguing, inter alia, that testimony regarding his prior confrontation with the victim was prejudicial and thus improperly admitted into evidence. On March 13, 1995, the Appellate Division affirmed, finding that this claim was without merit and that his remaining claims were "either unpreserved for appellate review or without merit." People v. Moore, 213 A.D.2d 496, 624 N.Y.S.2d 621 (2d Dep't 1995). The New York Court of Appeals denied leave to appeal on June 23, 1995. People v. Moore, 86 N.Y.2d 738, 631 N.Y.S.2d 619, 655 N.E.2d 716 (1995). Moore's conviction became final, for habeas purposes, on September 21, 1995, 90 days after the New York Court of Appeals denied his leave application.

On July 11, 2001, Moore filed a second § 440 motion to vacate the judgment of conviction, arguing that the People had failed to disclose a cooperation agreement that they had with a witness, and that this witness was permitted to testify falsely about the witness's criminal history. On October 6, 2005, Supreme Court granted Moore's motion to vacate the judgment. The People appealed and were successful in reinstating the original conviction. See People v. Moore, 43 A.D.3d 1085, 843 N.Y.S.2d 102 (2d Dep't 2007). Moore sought leave to appeal the order reinstating his conviction to the Court of Appeals; leave was denied on May 8, 2008. See People v. Moore, 10 N.Y.3d 867, 860 N.Y.S.2d 494, 890 N.E.2d 257 (2008).

On September 14, 2009, petitioner filed the instant pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254. Moore argues that his constitutional rights were violated because

(1) the appellate court improperly applied federal law in determining that his conviction be reinstated; (2) he was absent for material stages of his trial; (3) the prosecution permitted a witness to perjure himself; and (4) that the issues relating to his conviction were federal issues that should have been resolved in federal court.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. The statute provides that the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Time during which a petitioner is awaiting decision on properly filed direct appeals or collateral attacks of his conviction will not charge against this one-year limitation. See id. § 2244(d)(2).

Petitioners whose convictions were finalized before AEDPA went into effect were given a one-year grace period from the effective date of AEDPA during which to file their habeas claims. AEDPA took effect on April 24, 1996; thus, the deadline for filing such petitions was April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Additionally, the "pending-state-petition" tolling provision of 28 U.S.C. § 2244(d)(2) extended to the one-year grace period established in Ross, meaning that it applied to a petition challenging a pre-AEDPA conviction. Bennett v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999), aff'd, 531 U.S. 4, 121 S.Ct. 361 (2000). Because petitioner's conviction became final before AEDPA took effect, the statute of limitation for filing his habeas petition began to run on April 24, 1996.

As a result, the instant application is barred by the statute of limitations. More specifically, petitioner's C.P.L. § 440.10 motions failed to toll or otherwise excuse his

3

untimeliness under AEDPA. Petitioner filed his first § 440 motion on March 10, 1992. The denial of that motion was deemed final on June 1, 1993, when the Appellate Division denied leave to appeal. But, because this proceeding was completed before the statute of limitations had begun to run, its pendency is not relevant for tolling purposes, as "state collateral attacks decided prior to April 24, 1996 are irrelevant to calculation of the AEDPA statute of limitations." DeVeaux v. Schriver, No. 98-CV-7563, 1999 U.S. Dist. LEXIS 15653, at *12 (S.D.N.Y. Apr. 29, 1999); accord Torres v. Miller, No. 99-CV-0580, 1999 U.S. Dist. LEXIS 13987, at *13 (S.D.N.Y. July 8, 1999); see also Breeden v. Lee, No. 10-CV-0954, U.S. Dist. LEXIS 45439, at *8 (E.D.N.Y. May 7, 2010) ("The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided.").

Petitioner's second § 440 motion, pending from July 11, 2001 through May 8, 2008, similarly had no effect on the timeliness of petitioner's motion. Although a valid collateral appeal will toll time where a habeas petition has already been filed, commencing a collateral review proceeding does not "reset" the clock. See, e.g., Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999) ("The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired." (citations omitted)). Consequently, because Moore's second § 440 motion was filed approximately four years after the statute of limitations on his habeas petition had already passed, the motion's pendency did not resurrect his habeas petition from the statute of limitations graveyard.

4

In short, neither § 440 motion generated activity that tolled the AEDPA statute of limitations between April 24, 1996 and April 24, 1997.

Having filed his petition on September 14, 2009, more than 12 years after his AEDPA one-year grace period expired, Moore's petition is plainly untimely. Moreover, while under certain circumstances, AEDPA limitation periods may be equitably tolled, Moore has neither requested, nor, more importantly, is there a shred of evidence in the record to suggest that he is entitled to, equitable tolling. See Holland v. Florida, No. 09-5327, 2010 U.S. LEXIS 4946, at *23 (U.S. June 14, 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases." (citing cases)); Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace v. DiGugliemo, 544 U.S. 408, 418, 125, S.Ct. 1807, 1814 (2005))). To the extent that petitioner was simply unaware of the AEDPA deadline, the Court notes that ignorance of the law is not an extraordinary circumstance. See, e.g., Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (citing, inter alia, Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000)).

**CONCLUSION**

For the foregoing reasons, Michael Moore's petition for habeas corpus relief is dismissed with prejudice and the writ is denied. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         June 30, 2010

                                              ERIC N. VITALIANO
                                              United States District Judge